UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACINTO ROJAS-CASTRO, | No. 1:26-cv-04271-DAD-JDP (HC) |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTION AS MOOT |
| WARDEN, CENTRAL VALLEY ANNEX, et al., | |
| Respondents. | (Doc. No. 3) |

On June 4, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 3.) On June 4, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several prior cases that this court has decided. (Doc. No. 6.) In addition, respondents were directed to state any opposition it had to the court's stated intention to rule on the underlying petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in its opposition. (*Id.*)

/////

1

On June 7, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 7.) In that opposition, respondents argue in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 1–2), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondents argue that this case is distinguishable from those addressed in the court's prior order (Doc. No. 6) because those prior cases involved initial release under § 1226(a) whereas this action involves parole under § 1182(d)(5). (Doc. No. 7 at 4–6.) Respondents are simply incorrect in this regard as *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025)—cited in this court's prior order—directly addresses the due process requirements associated with revoking parole under 8 U.S.C. § 1182(d)(5).[1]

Respondents did not state any opposition to this court ruling on the underlying petition on the current briefing. (Doc. No. 6.) Accordingly, the court will resolve the merits of the underlying petition in this order.

Based upon a review of the briefing, the court finds the following facts. In or about July 2013, petitioner entered the United States without inspection. (Doc. No. 1 at ¶ 4.) In 2024, petitioner encountered immigration authorities for the first time, was detained, and was subsequently released "on his own recognizance" by those authorities. (*Id.*) On April 24, 2026,

---

[1] Respondents also argue that this court lacks jurisdiction under 8 U.S.C. § 1252(g) because petitioner's petition "challenges DHS's decision to detain him during an ongoing removal proceeding[.]" (Doc. No. 7 at 3.) This is incorrect. The Ninth Circuit has "limited the statute's jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders." *Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018). Indeed, this court has considered and rejected respondents' argument, which is contrary to binding Ninth Circuit precedent, in orders that this court directed respondents to address in their opposition. *See Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC (HC), 2025 WL 2791778, at *3 (E.D. Cal. Aug. 20, 2025). This is not the first time that this court has had to address counsel's failure to review this court's prior orders or applicable case precedent, and indeed is not the first time that this court has had to direct counsel to review the decision in *Rocha Chavarria* in particular. *See Stacey Hernandez v. Warden*, No. 1:26-cv-03879-DAD-CSK, 2026 WL 1506859, at *2 n.1 (E.D. Cal. May 29, 2026) (observing that counsel failed to "even mention" *Rocha Chavarria* despite its direct applicability). The court cautions counsel that the court will not look kindly on continued failure to familiarize themselves with binding Ninth Circuit precedent and continued failure to follow this court's orders.

2

petitioner was re-detained while attending a scheduled ICE reporting appointment.  (*Id.* at ¶ 6.) Respondents concede that petitioner was released pursuant to 8 U.S.C. § 1182(d)(5).  (Doc. No. 7 at 2.)

The court adopts its reasoning in *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), in which the court concluded that prior release pursuant to § 1182(d)(5) created a protected liberty interest in the petitioner's continued release and that due process required a pre-deprivation hearing.  Respondents argue that a bond hearing is the appropriate remedy, but fail to argue why this case differs from the circumstances addressed in *Rocha Chavarria* where release was ordered.  Respondents also fail to cite any statutory authority which would authorize a bond hearing in lieu of release in the context of parole revocation pursuant to § 1182.  Accordingly, the court will grant petitioner's petition and order his immediate release.

For the reasons above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.    Respondents are ORDERED to immediately release petitioner Jacinto Rojas-Castro, A-File No. 240-434-764, from respondents' custody on the conditions, if any, he was subject to prior to his detention on April 24, 2026;

    b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to show that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2.    Petitioner's motion for a temporary restraining order (Doc. No. 3) is DENIED as having been rendered moot in light of this order granting his petition on the merits;

/////

3

3.    The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

4.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **June 9, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4